UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Allan Rainey, #336389,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Sgt. James E. Walker, ID # 22183;<br>Captain George Best,<br><br>　　　　　　　　　Defendants.<br>_____ | C/A No. 9:11-2159-JFA-BM<br><br>**REPORT AND RECOMMENDATION** |

　　　　　Christopher Allan Rainey ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Ridgeland Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

　　　　　Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller*



*v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).  Further, while § 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  Title 28 U.S.C. § 1915(e)(2)(B).

## Background

Plaintiff alleges that on May 16, 2011, at approximately 5:40 a.m., he received his breakfast tray and began to eat the food.  Plaintiff alleges that he bit down on a piece of hard material, which he spit out, and that when he looked at the tray in the light, he saw small pieces of razor blades in his food.  Plaintiff alleges that he "got Sgt. Walker to look at my tray in which he took my tray with the razors in it and brought me another tray!"  Plaintiff alleges that he had pains in his throat and began to spit up blood, that he showed the blood to Walker, and that he told Walker that "inmate (John Wright) aka (little John) put the razor blades in my food."  Plaintiff alleges that inmate John Wright had threatened him due to an altercation they had about stolen money.

Plaintiff alleges that several SCDC medical personnel checked on Plaintiff and arranged for Plaintiff to be taken to an emergency room to have X-rays taken.  Plaintiff alleges that the X-rays taken were negative, and that he was returned to his cell.  Plaintiff alleges that, thereafter, on May 19, 2011, he was served "charge papers for (831) lying to an employee or knowingly making false statements."  Plaintiff alleges that he did not lie because there were razor blades in his food, and seeks the following relief: "I want Officer Sgt. James. E. Walker to be dealt with according to violation of my 8th Amendment."



Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that his rights under the Eighth Amendment to the United States Constitution have been violated by Defendant Walker's filing of a false disciplinary charge against him for lying to an employee, which charge was served on Plaintiff on May 19, 2011. These allegations fail to state a claim on which relief may be granted because they do not sufficiently allege facts which would constitute cruel and unusual punishment prohibited by the Eighth Amendment. To allege a cause of action that prison conditions violate the Eighth Amendment, a plaintiff must show (1) a serious deprivation of a basic human need, and (2) deliberate indifference to prison conditions on the part of prison officials. *See Fuller v. County of Charleston*, 444 F.Supp.2d 494, 497-98 (D.S.C. 2006). Walker's alleged action of creating a false written charge against Plaintiff, which Plaintiff will be able to defend against, is not a serious deprivation of a basic human need. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (noting that adequate food, clothing, shelter, and medical care must be provided to inmates). Rather, Walker's action of creating a written disciplinary



3

charge against Plaintiff was an act related to prison management.[1]

As a general rule, this Court should not interfere with the administration of a prison. *See Lovelace v. Lee*, 472 F.3d 174, 192-93 (4th Cir. 2006) (noting that courts should not plunge into prison policymaking); *Brown v. Braxton*, 373 F.3d 501, 508 (4th Cir. 2004) (noting that "the Supreme Court has cautioned that we should be hesitant to substitute our judgments for those of prison administrators"). If Walker falsely accused Plaintiff of lying, Plaintiff will have the opportunity to bring that out during the disciplinary hearing process.[2] Conversely, if Plaintiff has been found guilty of the lying to an employee charge based on the May 16, 2011, incident, he may not use a § 1983 action to overturn the conviction. *See Jones v. Ozmint*, C/A No. 3:10-238-HFF-JRM, 2011 WL 1671557, at *3-4 (D.S.C. March 17, 2011), *adopted by* 2011 WL 1671565 (D.S.C. May 3, 2011). *Cf. Muhammad v. Close*, 540 U.S. 749, 754-55 (2004). Instead, a habeas corpus action may be appropriate, but only *after* Plaintiff seeks to overturn the disciplinary conviction through the SCDC administrative process and through the South Carolina courts. *See Furtick v. South Carolina Dep't of Corr.*, 649 S.E.2d 35 (S.C. 2007) (finding that the state Administrative Law Court has jurisdiction to review SCDC disciplinary convictions). *See also Fox v. Ward*, C/A No. 3:06-3439-TLW-JRM, 2008 WL 550115, at *5 (D.S.C. Feb. 25, 2008) (discussing, in a § 1983 action, steps in state courts necessary to exhaust review of disciplinary action before filing a habeas action in federal court).

---

[1] To comport with due process, a prisoner must be given advance written notice of the claimed disciplinary violation, and provided certain procedural rights to allow him or her to contest the charge. *See Brown v. Braxton*, 373 F.3d 501, 504 (4th Cir. 2004) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). There is no indication in the Complaint that these requirements are not being followed.

[2] Although Plaintiff has also named a second individual, George Best, as a Defendant, he has made no allegations with respect to Best.



### Conclusion

Although this Court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Plaintiff has failed to do so.

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**Plaintiff's attention is directed to the important notice on the next page.**

_____

September 16, 2011                                   Bristow Marchant
Charleston, South Carolina                      United States Magistrate Judge

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).